UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Daniel Elizondo | § § § § § § § § § § § | |
| | § | Civil Action No. |
| v | § | 5:20-cv-1385 |
| Midland Funding, LLC | § | |

Complaint

_____

Introduction

1. To ensure the accuracy of and prevent fraud in the filing of informational returns, Congress enacted 26 U.S.C. § 7434. It provides for civil damages whenever a person or entity files fraudulent information with the Internal Revenue Service.

2. When a debt collector files a 1099-C, an informational return concerning the cancellation of a debt, it must be done accurately. The harm in reporting inaccurate information is obvious. The IRS considers the discharge of indebtedness as gross income. 26 U.S.C. § 61(a)(11).

When an informational return reports a greater cancellation what was actually discharged, the result is the false inflation of a taxpayer's income.

3. Plaintiff brings this action for Defendant's violation of 26 U.S.C. § 7434 and seeks actual damages, statutory damages, attorney's fees, and costs.

Jurisdiction & Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

6. Plaintiff, Daniel Elizondo, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, Midland Funding LLC, is a Delaware entity, authorized to conduct business in Texas. Its mailing address is 8875 Aero Drive, Suite 200, San Diego,

California 92123. Midland may be served with process via its registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company at 211 E 7th Street, Suite 620 Austin, TX 78701.

Facts

8. Midland Funding regularly purchases portfolios of defaulted consumer receivables at deep discounts to face value. It then places these debts for collection.

9. Most, if not all, of these debts were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

10. The principal purpose of Midland Funding is the purchase for collection of such debts.

11. The Debt at issue in this matter is a defaulted debt that Elizondo used for personal, family, and household purposes (the "Debt").

12. According to Midland Funding's records, Elizondo opened the account on November 20, 2015, made his last

payment on December 15, 2016, and the debt was charged off by the original creditor on July 25, 2017.

13. According to Midland Funding's records, it acquired Elizondo's debt on September 28, 2017.

14. Midland Funding sued Elizondo on March 14, 2018 in the Justice Court, Precinct 2, Place 1, Bexar County, Texas seeking recovery of $2,680.16.

15. Midland Funding and Elizondo entered into a settlement agreement wherein Elizondo agreed to pay $976.22 and Midland Funding agreed to dismiss the lawsuit with prejudice and consider the debt satisfied. This constituted a debt cancellation of $1,703.94.

16. Midland Funding filed a 1099-C Cancellation of Debt with the Internal Revenue Service in 2019 and mailed it to Mr. Elizondo's attorney-of-record in the lawsuit, Benjamin Trotter.

17. The 1099-C stated that the cancellation of debt amounted to $1,827.04.

18. The 1099-C also stated the date of identifiable event was August 8, 2010. A date that precedes the Debt being established.

19. A 1099-C is a an "information return" as defined by 26 U.S.C. §§ 7434(f) and 6724(d)(1)(A).

20. Midland violated 26 U.S.C. § 7434 in that:

    a. It willfully and fraudulently misstated the amount of actual debt discharged on an information return filed with the IRS; and

    b. It willfully and fraudulently misstated the date of identifiable event as part of an information return filed with the IRS.

21. The fraudulent information return was filed willfully with respect to Elizondo.

Jury Demand

22. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Statutory damages per 26 U.S.C. § 7434(b); or

b. Actual damages per 26 U.S.C. § 7434(b)(1); and

c. Attorney's fees, costs, and litigation expenses per 26 U.S.C. § 7434(b)(2-3);

Dated: December 4, 2020          Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

Benjamin Trotter
Texas Bar No. 24082567

Benjamin T. Trotter, Attorney at Law, PC
923 South Alamo Ste. 2
San Antonio, Texas 78205
Tel. (210)225-4200

Fax (210)225-4495
ben@debtlegaldefense.com

Certificate of Service

On December 4, 2020, I certify that I provided a true and correct copy this complaint to the Internal Revenue Service via First Class Mail as required by 26 U.S.C. § 7434(d).

/s/William M. Clanton
William M. Clanton